The Chief Justice
delivered the opinion of the court.*
This was a motion made by Davis against Allin as deputy sheriff of Nelson county, for a judgment for the amount of an execution in favor of Davis, which Allin had returned satisfied.
On the trial of the motion it was admitted, that Davis, after the return of the execution, had demanded of Allin the amount of the execution, and that Allin had, at the time of the demand, tendered the same to Davis in notes, the one half on the bank of Kentucky, and the other half on the Kentucky Insurance Company, which Davis refused to receive; and Allin produced in court and tendered to Davis the amount of the execution in notes on the Kentucky Insurance Company. Davis proved moreover, that at the time he made the demand Allin acknowledged be' had received the amount of the execution from the defendant therein, in claims upon the county. Allin urged, as be had received no money upon the execution but claims upon the county, for which he was bound by law to receive notes upon the Kentucky Insurance Company, and as the defendant in the execution had a right, under existing laws ai *568 the time, to pay the amount thereof in notes of that tie-' scription, that he had a right to pay Davis in notes of the Same kind. Pie insisted too, that having returned the execution satisfied, it was not competent for Davis to go behind the return and enquire how the satisfaction was made; but the court overruled his objections, and gave judgment, against him, from which he has appealed to thisconrt.
Hardin for appellant, B. Hardin and Bibb contra.
If a sheriff receves in dischai g of an execution, demands against the county, a right devolves on the p’f in' iff in execution to demand specie, and the sheriff cannot compel him to take notes.
The main question is, whether Davis was bound to receive the notes tendered by Allan?
, If, as seems to be supposed in the argument oh the part of Allin, the defendant in the execution had a legal right to discharge it by the payment of notes, it would follow, as a necessary consequence, that Davis was bound to receive them. But it cannot be admitted tliat the defendant in the execution had such a right. The execution was For money and not for notes; and under the constitution of the United States the defendant could have had no right to tender any thing but gold or silver coin in payment of the execution. It is true that Allin was authorised in this case to receive from the defendant in the execution, bank notes, but this authority was given him; not by the execution, but by an endorsement made thereon by Davis. If he had pursued the authority thus given him, Davis would, no doubt, have been bound by his acts; but having, as the evidence shews, failed to do so, and commuted the debt for what he was not authorised to receive, be thereby made the debt bis own, which, like every other debt, can only be discharged by a tender or payment in the legal coin of the country. And if he has thus rendered himself liable, we can perceive no legal or rational objection to an enquiry into the facts on which his liability is predicated.
Judgment affirmed with costs and damages.

Absent, JucTe Row aw.